IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JABARI BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-031 |
| | ) | |
| CALVIN BURNS; DOUG MAYBIN; | ) | |
| RON BIVINS; and MOUNT VERNON | ) | |
| POLICE DEPARTMENT, | ) | |
| | ) | |
| Defendants. | ) | |

_ _ _ _ _ _ _

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

| | | |
|---|---|---|
| JABARI BEASLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 320-032 |
| | ) | |
| DOUG MAYBIN; RON BIVINS; | ) | |
| MOUNTGOMERY COUNTY POLICE | ) | |
| DEPARTMENT; and CITY OF MOUNT | ) | |
| VERNON, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**O R D E R**
_____

On April 21, 2020, the Court entered an Order in CV 320-031, (doc. no. 7),

explaining it appeared Plaintiff, detained at Treutlen County Jail in Soperton, Georgia, had

submitted the same claims in two separate cases, one filed in the Southern District of Georgia and one in the Middle District of Georgia.  Cf. Beasley v. Burns, CV 320-031 (S.D. Ga. Apr. 8, 2020) with Beasley v. Maybin, CV 520-088 (M.D. Ga. Mar. 3, 2020).  On April 17, 2020, United States District Judge Marc Thomas Treadwell transferred the case filed in the Middle District to this District, and therefore, the Clerk opened a second case in Plaintiff's name. Beasley v. Maybin, CV 320-032 (S.D. Ga. Apr. 17, 2020).  Plaintiff raises the same claims about his continued detention in the Truetlen County Jail and the refusal of officials in Mount Vernon, located in Montgomery County, Georgia, to prosecute charges against Plaintiff in accordance with his preferred time frame.[1]   In that same Order, the Court assessed an initial partial filing fee of $21.61 for CV 320-031.  (Doc. no. 7, pp. 1-2.)

Because two cases had been opened in Plaintiff's name because he sent a complaint to two separate courts, and because Plaintiff did not use the complaint form used by incarcerated litigants in the Southern District to initiate either case, the Court directed Plaintiff to submit an amended complaint in CV 320-031, within thirty days, on the standard complaint provided to him with the April 21st Order, and include all matters he wishes the Court to consider in that one document.  (Id. at 3.)  The Court further explained that once Plaintiff had complied with the conditions of the Order, the amended complaint would be reviewed to determine which, if any, claims are viable and which, if any, Defendants should be served with a copy of the amended complaint.  Moreover, the Court expressed its

---

[1]The main difference between the two complaints, save the addition of Defendant Calvin Burns in the case originally filed in the Southern District, is Plaintiff's interchangeable use of Montgomery County Police Department and Mount Vernon Police Department.

2

intention to close the duplicate case, CV 320-032, upon receipt of the amended complaint, and Plaintiff would therefore only be responsible for one filing fee. (Id. at 5.)

Plaintiff submitted an amended complaint in CV 320-031 and has paid the initial partial filing fee in that case. (See doc. no. 8 and doc. entry June 1, 2020.) Accordingly, the Court **DIRECTS** the **CLERK** to **CLOSE** the duplicate case transferred from the Middle District of Georgia, CV 320-032. Plaintiff's claims shall proceed in the normal course of business, subject to the standard frivolity review under 28 U.S.C. § 1915A, in CV 320-031.

SO ORDERED this 2nd day of June, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA